UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE: § | CASE NO. 17-41855 |
| GLEN RAY HILL § | |
| TONYA HYDEN HILL § | CHAPTER 13 |
| FKA TONYA GAIL HILL § | |
|    DEBTORS § | |
| ************************************ § | |
| NEWREZ MORTGAGE LLC D/B/A § | |
| SHELLPOINT MORTGAGE § | |
| SERVICING § | |
|    MOVANT § | |
| §| |
| V. § | |
| § | |
| GLEN RAY HILL § | |
| TONYA HYDEN HILL § | |
| FKA TONYA GAIL HILL, DEBTORS § | |
| AND CAREY D. EBERT, TRUSTEE § | |
|    RESPONDENTS § | |

AGREED ORDER RELATIVE TO
THE AUTOMATIC STAY OF 11 U.S.C. § 362

Came on to be considered the Motion for Relief from the Automatic Stay of 11 U.S.C. § 362 filed by NewRez Mortgage LLC d/b/a Shellpoint Mortgage Servicing ("Movant"), a secured creditor in the above entitled and numbered cause, and Movant and the Debtor, GLEN RAY HILL and TONYA HYDEN HILL FKA TONYA GAIL HILL, by and through their attorney, WELDON REED ALLMAND, having announced that they have reached an agreement whereby the automatic stay of 11 U.S.C. § 362 should be continued in effect, pending the entry of the Discharge Order in Debtor's main bankruptcy case, with regard to Movant and the Property on the terms and subject to the exceptions set out in this Order and it appearing that due notice of said Motion having been properly given and the Court, having considered said Motion and the agreement of counsel,

is of the opinion that the following Agreed Order should be entered. It is therefore,

ORDERED, ADJUDGED, and DECREED that the automatic stay of 11 U.S.C.§ 362 be, and same is hereby, continued in effect pending the entry of the Discharge Order in, or the dismissal of, Debtors' main bankruptcy case, subject to the exceptions set out in this Order, provided that Debtors shall continue to remit to the Movant the regular post-petition monthly payments pursuant to that certain Note dated May 6, 2010, in the original principal sum of $44,000.00, executed by GLEN RAY HILL, bearing interest and being payable as therein set out, being secured by the Deed of Trust of even date therewith, filed in the Official Public Records of Real Property of HUNT County, Texas, and creating a valid, first lien on improved real property in HUNT County, Texas, being further described as follows:

> LOT 37, BLOCK 5, REAVILON ADIITION, SECTION 4, AN ADDITION OT THE CITY OF GREENVILLE, HUNT COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 400, PAGE 18, OF THE PLAT RECORDS OF HUNT COUNTY, TEXAS. AND MORE COMMONLY KNOWN AS 109 ELLIS CIR, GREENVILLE, TX 75401 ("PROPERTY").

in the current amount of $462.55 per month, as same may periodically be adjusted, commencing on the FIRST (1ST) day of February, 2019, and continuing regularly on the first day of each and every consecutive calendar month thereafter until the indebtedness evidenced by said Note is fully paid. It is further

ORDERED that the automatic stay of 11 U.S.C. § 362 be, and same is hereby continued in effect, pending the entry of the Discharge Order in, or the dismissal of, Debtors' main bankruptcy case, subject to the exceptions set out in this Order provided that Debtors shall cure the post-petition arrearage and pay attorney fees and costs in the total amount as set forth below:

| | |
|---|---:|
| 6 Post petition payments @ $462.55 each (August 1, 2018 through January 1, 2019) | $2,775.30 |
| Attorney fees & costs | $650.00 |
| Suspense | ($26.95) |
| **TOTAL** | **$3,398.35** |

The Debtors shall have 30 days from entry of this order to modify their Chapter 13 Plan to include Movant's post-petition arrears and attorney's fees and costs **(total of $3,398.35)** to be paid in addition to Movant's secured pre-petition arrears as referenced in its Proof of Claim. Trustee reserves the right to object to any modification filed with the Court. The Debtors' failure to obtain an Order modifying their Chapter 13 Plan to include Movant's arrears as detailed herein within 90 days from entry of this order, will be a default under the terms of this Order. It is further

ORDERED that Debtors maintains hazard insurance coverage, if not escrowed for such, on the improvements to the Property, and flood insurance if the Property lies within a flood zone, in the amount of the full insurable value thereof, so long as the Debtors owns the Property, showing Movant as the lien holder and loss payee, and provided further that said Debtors furnishes proof of such insurance coverage to Movant, its successors and assigns, within fourteen (14) days after a request therefore. Failure to provide Movant proof of adequate insurance coverage within the specified time period shall result in automatic termination of stay. It is further

ORDERED that the automatic stay of 11 U.S.C. § 362 be, and same is hereby, continued in effect with respect to Movant, its successors and assigns, and the Property, provided that Debtors timely pays the ad valorem taxes, if not escrowed for such, covering the Property for calendar year 2018 and subsequent years, on or before January 28th of the next succeeding calendar year, for which such taxes are due, and continuing annually thereafter until the indebtedness secured by the Property is fully paid. Failure to pay all ad valorem taxes in full within the specified time period shall result in automatic termination of stay. It is further

ORDERED that the Movant will file a Notice of Post-Petition Fee Notice within 30 days of entry of this Agreed Order to include the post-petition arrearages detailed in this Order. Movant is not authorized to receive any funds from the Chapter 13 Trustee's office associated with the post-petition arrearages until the Notice is filed. It is further

ORDERED the Movant will not be in violation of the automatic stay by sending the Debtors the usual and customary monthly statements concerning the Debtor's accounts. It is further

ORDERED that Debtors' shall remit to the Trustee the monthly payment provided for under the Debtor's Plan. Debtors shall bring current all delinquent and outstanding payment(s) owed to the Trustee, if applicable, within thirty (30) days of the date this Order is signed by the Bankruptcy Judge. It is further

ORDERED that the payment term of this Chapter 13 Order shall not survive upon conversion to a Chapter 7 and Movant shall not be bound by the payment schedule in the event of conversion. It is further

ORDERED that Debtors tendering of a check to Movant which is subsequently returned due to non-sufficient funds in the account upon which the check is drawn shall not constitute a payment as required by the terms of this Agreed Order. It is further

ORDERED that in the event Debtors fails to abide by any term of this Order and/or timely make and deliver any such payment to the Movant, NewRez Mortgage LLC d/b/a Shellpoint Mortgage Servicing, P.O. BOX 10826, GREENVILLE, SC 29603, and after giving written notice of default by first class mail postage prepaid and by certified mail return receipt requested to the Debtors at the address noted on the Court Docket, and to said Debtor's counsel of record, WELDON REED ALLMAND, Debtors shall have fourteen (14) days within which to cure the

default. All funds in connection with the defaulted amount must be submitted in *certified funds or money orders* and Movant may charge Debtors $75.00 for any notice given pursuant to this Order. Upon the Debtor's failure to cure such default within fourteen (14) days after the sending of written notice of default (it being expressly understood and agreed that Debtors are entitled to two (2) written notices of default under this Order assuming timely cure), the automatic stay of 11 U.S.C. § 362 shall terminate without further notice or court action to enable Movant, its successors and assigns, to take all action authorized under the contract and applicable law, including, without limitation, loan workouts, foreclosure and/or eviction. It is further

ORDERED that upon default, Movant shall notify the Court, Debtor's attorney, and the Chapter 13 Trustee that the automatic stay has been terminated. Trustee shall cease payments to Movants upon filing of any stay termination. It is further

ORDERED that the provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure are hereby waived and Movant, its successors and assigns, may immediately enforce and implement the terms of this order granting relief from the automatic stay.

Signed on 2/8/2019

*Brenda T. Rhoades*    SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

APPROVED:

*The undersigned counsel of record certifies compliance with Rule 4001.*

By: _____
**Dominique Varner** TBA #00791182/FIN 18805
Direct: 713-328-2818, dvarner@hwa.com;
**Michael Weems** TBA #24066273
Direct: 713-328-2822, mweems@hwa.com
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone (713) 759-0818
Telecopier (713) 759-6834
ATTORNEY IN CHARGE FOR MOVANT


By:    /s/Jim Morrison
**Jim Morrison**
Allmand Law Firm, PLLC
860 Airport Freeway, Suite 401
Hurst, TX 76054
Phone: 214-265-0123
Fax: 214-265-1979
ATTORNEY FOR DEBTORS